IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

   Plaintiff,

v.

RENEE MONIQUE JACKSON

   Defendant.                                          Case No. 03-cr-30214-2-DRH

### MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

   Defendant Renee Monique Jackson has filed a *pro se* Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense, pursuant to **18 U.S.C. § 3582** (Doc. 200), a Motion to Re-file Crack Reduction Motion (Doc. 219) and another Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense, pursuant to **18 U.S.C. § 3582** (Doc. 221). Administrative Order No. 102[1] was then issued in this case (Doc. 201) and the Office of the Federal Public Defender ("FPD") for the Southern District of Illinois was appointed to represent Defendant in this matter for the purposes of determining whether a reduction of sentence pursuant to **18 U.S.C. § 3582** was appropriate. Protocol

---

[1] Administrative Order No. 102, dated December 19, 2007, instructs the Clerk of the Court to appoint the Federal Public Defenders Office to represent each defendant who files a motion for reduction of sentence based upon the amended advisory sentencing guidelines regarding the disparity between sentences for convictions of powder cocaine offenses versus crack cocaine offenses (*see* United States Sentencing Guidelines § 2D1.1).

implemented by the FPD requires a review of Defendant's case to determine eligibility for a sentence reduction and then to either file an amended petition requesting said reduction if Defendant is determined to be eligible or else a motion to withdraw from representation if Defendant is found ineligible.

Also before the Court is the FPD's Motion to Withdraw (Doc. 227) on the basis that the FPD can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c). **See Anders v. California, 386 U.S. 738, 744 (1967)**. The Court allowed Defendant time to file a response. To date, no response has been filed. The FPD has determined, after review of Defendant's case, that she is ineligible for a **§ 3582** sentence reduction. **Section 3582(c)(2)** allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to **28 U.S.C. § 994(o)**." In doing so, the Court must consider the factors set forth in **18 U.S.C. § 3553(a)** and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." **18 U.S.C. § 3582(c)(2)**. Thus, a defendant urging a sentence reduction under **§ 3582(c)(2)** must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction

request. ***United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);** *see* ***United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009),** *cert. denied*, **129 S. Ct. 2817 (2009)**.

Defendant cannot satisfy the first criterion because she was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to **28 U.S.C. § 994(o)**." **18 U.S.C. § 3582(c)(2)**. Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. Amendment 715, effective May 1, 2008, further amended the commentary to U.S.S.G. § 2D1.1 by revising the manner in which offense levels are determined in cases involving crack cocaine in combination with other controlled substances. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. The amendments did not, however, reduce the sentencing range of defendants whose relevant conduct was 4.5 kilograms or more of crack cocaine. ***See Forman*, 553 F.3d at 590 (stating that the amendment "affects only defendants who are responsible for distributing fewer than 4.5 kilograms of crack cocaine")**.

Defendant was sentence based on relevant conduct that included more than 4.5 kilograms of crack cocaine – her relevant conduct equated to 26 kilograms of crack cocaine. Thus, the amendment did not lower her guideline range, and she

cannot satisfy the first criterion under **18 U.S.C. § 3582(c)(2)** for obtaining a sentence reduction. The Court lacks subject matter jurisdiction to consider her reduction request. *See Forman*, **553 F.3d at 588;** *Lawrence*, **535 F.3d at 637- 38.** The Court therefore **GRANTS** counsel's Motion to Withdraw (Doc. 227), **GRANTS** Defendant's *pro se* Motion to Re-file Crack Reduction Motion (Doc. 219), allowing for said Motion (Doc. 221) to be filed and thus **DISMISSES** for lack of jurisdiction Defendant's *pro se* Motions for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense, pursuant to **18 U.S.C. § 3582** (Docs. 200 & 221). The Clerk is **DIRECTED** to mail a copy of this Order via U.S. mail to defendant Renee Monique Jackson, #06513-025, FCI Pekin, Inmate Mail/Parcels, P.O. Box 5000, Pekin, IL 61555.

    **IT IS SO ORDERED.**

    Signed this 19th day of April, 2010.

    /s/  David R. Herndon
    **Chief Judge**
    **United States District Court**